437 F.2d 52
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Henry WILCOX and Elsie Mecca Wilcox, Defendants-Apellants.
No. 30179 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 6, 1971, Rehearing Denied Feb. 5, 1971.
 
 Richard M. Gale, Miami, Fla. (Court appointed) for John Henry Wilcox.
 William M. Moran, Miami, Fla., for Elsie Wilcox.
 Richard A. Hauser, Asst. U.S. Atty., Robert W. Rust, U.S. Atty., Michael J. Osman, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal tests the sufficiency of the underlying information upon which a United States Commissioner based a search warrant. Defendants moved in limine to suppress the incriminating evidence obtained when the warrant was executed. When this motion was denied the defendants changed their pleas of not guilty to nolo contendere and were convicted. The sole issue is whether probable cause for the issuance of the warrant was demonstrated. We find it was and affirm.
 
 
 2
 The subject of the crime was a post office burglary in which a series of 20 dollar United States postal money orders and a validating stamp were stolen from the Elkton, Florida post office.
 
 
 3
 The information submitted to the Commissioner to obtain the warrant consisted of two affidavits. The fundamental affidavit was made by a citizen named John Byron Eaton. It described in great detail a series of occurrences beginning on August 27, 1969 in which an intermediary called to tell him 'something good' had come into town and later brought him approximately 50 blank money orders and a post office stamp bearing the words 'Elkton, Fla.' Affiant was told he could buy the money orders for 5 dollars each but that if he decided against the purchase he was to return all the illicit paraphernalia to a woman named Mecca who would be at Apartment 15, 195 West 25th Street in Hialeah, Florida. After deciding that he did not want to get involved, he did the next afternoon go to the designated apartment and stated that when he entered the apartment he met both defendants. He furnished their first names, and their physical description. He further recited that approximately 15 days later another person contacted him and expressed an interest in purchasing some of the money orders. Affiant offered to act as intermediary for a sale price of 7 dollars per money order. Affiant thereupon returned to the described apartment and the defendant, Mecca, produced a sample money order so that affiant could show it to his prospect.
 
 
 4
 In addition to this affidavit the commissioner was also presented the affidavit of postal inspector M. V. Saylor, wherein he swore that official records disclosed that specifically designated and serially numbered money orders and a rubber stamp bearing the words 'Elkton, Fla.' had been stolen on August 24, 1969 from the Elkton, Florida post office. He further verified that one Mecca Wilcox received mail at Apartment 15, 195 West 25th Street, Hialeah, Florida and that she was listed with the building landlord as the tenant of those premises. In Inspector Saylor's affidavit he described the affiant Eaton as 'an informant of known reliability' but gave no other information about Eaton himself.
 
 
 5
 The briefs of the parties discuss the existence of probable cause vel non in terms of the usual situation in which a police official recites in a single affidavit of his own hearsay information which has been given to him as a 'tip' by a third person who frequently remains nameless. The leading cases which supply the testing guidelines in such situations are Aguilar v. Texas,378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States,393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. See also Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, and our recent analysis in Gonzales v. Beto, 425 F.2d 963 (5th Cir. 1970). The reasoning in this line of cases simply is not apropos here. They set up tests to determine the maximum credence an issuing magistrate can place in unsworn information which is being repeated to the magistrate by another. In the case at bar the commissioner had before him not one but two affidavits. A private citizen swore to intimate and specific details indicating criminal conduct and the exact location of the evidence of that conduct. In addition, a postal inspector swore that the citizen was reliable and supplied the magistrate with additional corroborative and supporting facts which authenticated several important facets of the citizen's affidavit. Clearly the commissioner was presented with information warranting, if not requiring, his judicial decision to have the premises searched.
 
 
 6
 For another reason the warrant was proper and the search was legal. The affidavit of the citizen with its details and specifics would have constituted sufficient probable cause support to an officer who verified the details which Inspector Saylor confirmed, to enable him to make a warrantless search of the apartment if he had also possessed grounds for believing that there was a need for more prompt action than the warrant procedure would permit. Certainly, in view of the policy of the law to encourage the utilization of warrant processes, we should not inadvertently make the standards for testing such warranted searches more stringent than those permitted under the less favored method. Gonzales v. Beto, supra.
 
 
 7
 The convictions of John Jerry Wilcox and Elsie Mecca Wilcox are
 
 
 8
 Affirmed.